No. 3068

Opinion construing Article 827b and Article 6686 of Vernon's Annotated Civil Statutes.

1. Texas resident who owns truck-tractor or trailer which is used only outside the State of Texas cannot operate such truck-tractor or trailer in the State of Texas for any purpose without first securing a Texas license.

2. A Texas dealer cannot drive a new truck from the state line to his place of business and transport thereon a smaller truck or trailer unless the transporting vehicle is licensed under the registration laws of Texas.

---

## OFFICE OF THE ATTORNEY GENERAL

### May 24, 1939

Honorable Homer Garrison, Jr.
Department of Public Safety
Austin, Texas

Dear Sir:

Opinion No. O-754
Re: Registration of truck-
    tractors and trailers
    under the facts set
    forth.

Your request for an opinion on the registration of truck tractors and trailers under the facts set forth in your letter of May 3, 1939, has been received by this department.

Your letter sets out and requests specific answers to the following three questions:

"1. Can a Texas resident, the owner of a truck-tractor and/or trailer used only outside the State of Texas, bring the same into the State and county of his residence for the sole and only purpose of having the same repaired without first securing a Texas license for the motor vehicle and/or trailer, neither of the vehicles carrying a load.

"2. Can he bring the motor vehicle and the trailer into the State carrying a load if the main purpose of such trip is to have necessary repairs made.

"3. Can a Texas dealer drive a new truck from the factory to his place of business and transport thereon a smaller truck or trailer, when both of the motor vehicles are brought into the State for the purpose of sale and the larger truck has attached to it dealer's license plates in accordance with Article 6686 R.C.S."

Registration of commercial motor vehicles is covered by Article 6675a of Vernon's Revised Civil Statutes of Texas. Sections 6, 6a, 7 and 8 have specific appliaation to commercial motor vehicles, truck-tractors and trailers or semi-trailers. Examination of these statutes reveals no exception under which the owner or operator of a truck line is permitted to operate a truck, truck-tractor or trailer without first licensing the same under the provisions of the above quoted statutes.

Subdivision (b) of Article 6686 of the Revised Civil Statutes of Texas permits any dealer holding a dealer's license to issue temporary cardboard numbers. Any dealer or manufacturer may use such cardboard license plates for the purpose of operating or conveying a motor vehicle, trailer or semi-trailer from his place of business in one part of the state to his place of business in another part of the state. These temporary licenses may also be used for the purpose of operating or conveying a motor vehicle, trailer or semi-trailer from the point where it is unloaded to the place of business of the dealer or manufacturer, or from the state line to such place of business. The exact wording of the statute with respect to the last mentioned provision states that the dealer "may also use such cardboard number in transporting a motor vehicle, trailer or semi-trailer from the state line to his place of business."

Article 807b of Vernon's Penal Code of Texas provides that any person who operates a passenger car, a commercial motor vehicle or a truck-tractor upon the public highways of this state without having two license plates displayed thereon, one at the front and one at the rear, which have been duly and lawfully assigned to said vehicle for the current registration year, shall be guilty of a misdemeanor and excepts from the operation of Article 807b dealers who are operating vehicles under present provisions of the law. Section 6 of this Article provides that any person who operates a road-tractor, motorcycle, trailer, or semi-trailer, as aforesaid, without displaying a license plate on the rear thereof shall be guilty of a misdemeanor.

Section 2 of Article 827b of Vernon's Penal Code makes provision for registration of a motor vehicle, trailer, or semi-trailer owned by a non-resident of this state and then continues with the following language:

" . . . except that the privileges granted as otherwise provided for in this act shall not apply to any motor vehicle, trailer, or semi-trailer operated within this state for the transportation of persons or property, for compensation or hire. Provided, however, that motor vehicles properly licensed in another state or country operated for compensation or hire may be allowed to make not to exceed two (2) trips during any calendar month and remain on each of said trips within the state not to exceed four (4) days, without being registered in this state in the event that under the laws of such other state or country like exceptions are granted to motor vehicles registered under the laws of and owned by residents of this state...."

Your first two questions are governed by Article 6675a of Vernon's Revised Civil Statutes and by Articles 807b and 827b of Vernon's Penal Code. As we have stated above, the Civil Statutes provide no exception under which trucks, truck-tractors, trailers, or semi-trailers need not be licensed. Section 2 of Article 827b of the Penal

Code does provide, as hereinabove stated, that under certain conditions, for limited period of time, a motor vehicle registered in another state or country need not be registered in this state. Examination of Article 827b, however, reveals that the evident purpose of the Legislature was to permit a non-resident to drive his vehicle into the State of Texas for a limited period of time without complying with the Texas registration laws as a matter of convenience and reciprocity. The first sentence of Section 2 of Article 827b refers to a "non-resident owner of a motor vehicle, trailer or semi-trailer" and there is no indication that the provisions of the statute are intended to apply to anyone other than a non-resident owner. Reference to Article 807b of the Penal Code indicates still further that it was not the intention of the Legislature to permit a resident owner of a motor vehicle, truck-tractor or trailer to perate the same on the highways of this state for any period of time unless the registration laws had first been complied with. It is the opinion of this department that the provisions of Article 827b do not apply and that your first two questions must be answered in the negative.

In regard to your third question we have quoted Section (b) of Article 6686 of the Revised Civil Statutes. Throughout Section (b) of this Article the language refers to the transportation or operation of a single motor vehicle and provides regulation in that respect. No reference is made to the transportation of two or more vehicles and it is the opinion of this department that it was the intention of the Legislature to require that each vehicle which was operated or transported from the state line or from where it is unloaded to a place of business should have a number attached as provided by Article 6686. Furthermore, it does not appear that the Legislature intended by the provisions of Section (b) of Article 6686 to permit a person to operate a motor vehicle virtually as a carrier and escape compliance with the registration laws simply because the vehicle used as a carrier is new and can be brought into the State of Texas for the purpose of sale upon arrival. Obviously, it was the intention of the Legislature that the provisions of Article 6686 should apply only to dealers and manufacturers, in order that they would not be subjected to undue hardship by reason of the application of the general registration laws. The provisions of this law should be strictly construed since they do grant, in a measure, special privileges, and should not be extended to include the operation, without a license, of a truck or similar vehicle carrying a load. If a commercial motor vehicle is in fact used as a public carrier then it must be registered in compliance with the laws of this state. If, as a matter of fact, both vehicles have been purchased by the dealer, they may be transported or operated by him from the state line to his place of business upon compliance with the provisions of Article 6686, but neither vehicle can be utilized as a carrier for the other. The answer to your third inquiry is, therefore, in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ross Carlton
Ross Carlton
Assistant

RC:EL:b

This opinion has been considered in conference, approved, and ordered recorded.

/s/ W.F. Moore
W.F. Moore
FIRST ASSISTANT ATTORNEY